IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VINCENT HATCHER,                   :
       Petitioner,

v.                                 :         CIVIL NO. 08-3572

DAVID DiGUGLIELMO, et al.,
       Respondents.              :

**MEMORANDUM**

**Jones, J.**                                          **October 26, 2009**

    **I.**    **Procedural History**

On March 6, 2002, Vincent Hatcher (hereinafter "Petitioner"), pled guilty in the Philadelphia Court of Common Pleas, to murder generally and related charges for the shooting death of Devon Jacobs on October 7, 2001. Petitioner was represented by Charles Peruto, Jr., Esquire, who requested a degree-of-guilt hearing before the Honorable Benjamin Lerner. At the conclusion of same, Petitioner was convicted of first-degree murder and on May 1, 2002, the court sentenced him to life imprisonment.[1]

Petitioner appealed his conviction to the Pennsylvania Superior Court, arguing that the evidence was insufficient to sustain his convictions and that the verdict was against the weight of the evidence. The Superior Court rejected Petitioner's claims and affirmed judgment of

---

[1] Petitioner was also sentenced to concurrent terms of ten (10) to twenty (20) years for his Aggravated Assault conviction and two-and-a-half (2½) to five (5) years for Possessing an Instrument of Crime, both of which stemmed from the murder conviction at issue herein.

sentence.  Petitioner then sought allocatur, which was ultimately denied by the Pennsylvania Supreme Court.  *See Commonwealth v. Hatcher*, 851 A.2d 141 (Pa. 2004).

On August 30, 2004, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.*.  Attorney Paul J. Hetznecker was appointed to represent Petitioner and filed an Amended Petition on May 17, 2005.  An evidentiary hearing was held, during which time Petitioner, his family members and trial counsel, Charles Peruto, Jr., testified.  On November 20, 2006, the PCRA court dismissed Petitioner's claims for lack of merit.  Petitioner appealed the PCRA decision to the Pennsylvania Superior Court, arguing that: 1) appellate counsel was ineffective for not raising trial counsel's ineffectiveness for allegedly inducing Petitioner to plea guilty generally and proceed with a degree-of-guilt hearing; and, 2) appellate counsel was ineffective for not raising trial counsel's ineffectiveness for not filing a motion *in limine* to exclude the Commonwealth's bad character evidence.  The Superior Court affirmed the PCRA Court's decision on November 15, 2007 and Petitioner again sought allocatur from the Pennsylvania Supreme Court, which was denied on April 29, 2008.

On July 22, 2008, Petitioner filed the instant Petition for federal habeas relief, raising the same two claims that were raised in his PCRA appeal.[2]  Said Petition was referred to Magistrate

---

[2] Although the instant Petition was docketed on July 30, 2008, said Petition was signed on July 22, 2008.  Pursuant to the prison mailbox rule, a *pro se* Petitioner's habeas petitioner is deemed filed at the time he delivers it to prison officials for transmission to the court.  *See Huntley v. McGrady*, 2009 U.S. Dist. LEXIS 5517, at **5-6 (M.D. Pa. Jan. 27, 2009)("The date on which a *pro se* prisoner transmits documents to prison authorities for delivery to a court is to be considered the actual filing date for those documents.").  As Magistrate Hey noted in her Report and Recommendation, Petitioner presumably delivered his Petition to prison authorities on the day he signed it, therefore, said Petition is deemed to have been filed on July 22, 2008.

Judge Elizabeth T. Hey for a Report and Recommendation and upon review, Judge Hey ultimately recommended that the Petition, as well as a Certificate of Appealability, be denied. Petitioner filed Objections to the Report and Recommendation, in which he simply reiterated the same two claims of ineffective assistance of counsel that were initially presented in his original Petition, and added two new claims regarding weight and sufficiency of evidence. The final determination of this Petition is now before this Court.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court may refer a Petition for Writ of Habeas Corpus to a magistrate judge for a Report and Recommendation. When a petitioner files an Objection to a Magistrate Judge's Report and Recommendation, this Court is required to conduct a *de novo* review and determination of those portions of the report to which objections have been made. *See* 28 U.S.C. § 636(b)(1)( C);  Fed. R. Civ. P. 72. *See also Kirk v. Meyer*, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003); *Terry v. Gillis*, 93 F. Supp. 2d 603, 605 n.1 (E.D. Pa. 2000). District judges enjoy wide latitude in how they may treat the recommendations of a magistrate judge. *United States v. Raddatz*, 447 U.S. 667, 673-677(1980). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)( C).

## III.  Discussion

### A.  Inducement of Guilty Plea

In his Objections to Magistrate Judge Hey's Report and Recommendation, Petitioner first contends that Magistrate Judge Hey incorrectly applied a "presumption of correctness" to the

PCRA Court's findings regarding his ineffectiveness claims. In support of this Objection, Petitioner provides his version of the facts surrounding the murder, recites portions of Mr. Peruto's correspondence and testimony, and presents legal authority to support his position that his guilty plea was induced. He further asserts that trial counsel was ineffective for failing to inform him that he could withdraw his guilty plea during the degree-of-guilt hearing.

This Court has assessed Petitioner's claims in conjunction with the record before it, and has determined that based upon the complete record as read in context, Judge Hey correctly denied relief on same. Accordingly, Petitioner's Objection with regard to these two aspects of his ineffectiveness claim is unfounded.

### B. Character Evidence

Next, Petitioner asserts that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness regarding the manner in which he "handled" character evidence. In making this Objection, Petitioner does not dispute Magistrate Judge Hey's findings on the bad character issue. Instead, Petitioner reiterates the same facts and circumstances presented below and provides no basis for his Objection to the Report and Recommendation regarding this issue. On this basis alone, Petitioner's Objection must be overruled. *See Cherry v. Wynder*, 2007 U.S. Dist. LEXIS 21728, at **21-22 (E.D. Pa. Mar. 26, 2007)(Objections which do not respond to the Magistrate Judge's recommendation on a claim, but instead, repeat assertions raised in Petition, are properly overruled). This Court's *de novo* review of the record similarly demonstrates that Petitioner's Objection regarding this claim is without merit and must be overruled.

### C. Sufficiency of the Evidence

As noted hereinabove, Petitioner's Objections to the Report and Recommendation contain two new claims: sufficiency and weight of the evidence. Although Plaintiff did not date his Objections, the envelope in which they were mailed is postmarked April 29, 2009. Said Objections were docketed by the Clerk of Court on May 4, 2009. In accordance with the prison mailbox rule, it appears as though Plaintiff filed his two new claims on or shortly before the absolute last day permissible by statute.[3] However, Plaintiff never sought leave of court to raise these two new claims. *See Green v. Folino,* 2006 U.S. Dist. LEXIS 51103, at **8-9 (E.D. Pa. July 26, 2006). Plaintiff's habeas petition was pending for nearly nine months (Respondents sought several extensions of time to file a Response) and Plaintiff filed a Traverse and Amended Traverse prior to the Magistrate's ruling. As such, Plaintiff had ample opportunity to seek leave of court to file these two new claims, but did not do so.

Moreover,

> In addition to timeliness, it is generally accepted that a habeas court can refuse to hear claims that were not raised before the magistrate judge. *See Kirk v. Meyer*, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003)("Although the Third Circuit has remained silent on the precise issue, the vast majority of authority holds that a district court may properly refuse to hear claims not first presented to the assigned Magistrate Judge." (citing cases)).

*Hammond v. Brooks*, 2009 U.S. Dist. LEXIS 45783, at *17, n.5 (E.D. Pa. May 29, 2009).

This practice is mirrored in the Local Rules of Civil Procedure, which provide that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's

---

[3] *See supra* note 2.

Report and Recommendation if they could have been presented to the magistrate judge."

E.D. Pa. Civ. P. R. 72.1(IV)( c).  In the instant matter, Petitioner's newly-raised claims clearly could have been presented to the magistrate judge prior to issuance of her Report and Recommendation.   However, cognizant of the fact that a *pro se* petitioner's pleadings must be construed liberally, this Court will assess Petitioner's Objections regarding his two new claims. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Preliminarily, this Court notes that Petitioner's weight and sufficiency claims were fully addressed on direct appeal and were properly rejected by the Pennsylvania Superior Court.  It is well settled that a federal District Court . . .

> . . . [C]annot grant [a] habeas petition on [an] issue which was adjudicated on the merits in state court unless the decision of the state court was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Maldonado v. Warden, SCI Graterford*, 2007 U.S. Dist. LEXIS 9389, at **11-12 (E.D. Pa. Feb. 8, 2007).

With specific regard to sufficiency of evidence claims,

> [A] court must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  The task of resolving differences in the testimony, weighing the evidence, and drawing reasonable inferences from basis facts to illuminate facts is reserved for the factfinder and as such, is beyond the scope of federal habeas sufficiency review.  The AEDPA has limited a habeas court's role in reviewing a claim that the evidence adduced at trial was insufficient to support a conviction. Under 28 U.S.C. § 2254(d)(1), a writ of habeas corpus may be issued for evidentiary insufficiency only if the state courts have unreasonably applied the Jackson "no rational trier of fact standard" or the state equivalent of the Jackson standard.

*Flamer v. Coleman*, 2009 U.S. Dist. LEXIS 85481, at **9-10 (E.D. Pa. Sept. 17, 2009)(citations omitted).

Moreover,

> [u]nder 28 U.S.C. § 2254(e)(1), a state court's determination of a factual issue is presumed to be correct; a habeas petitioner has the burden of rebutting state-court findings of fact by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to both state trial and appellate courts. *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001).

*Tuten v. Tennis*, 2008 U.S. Dist. LEXIS 62386, at *2, n.1 (E.D. Pa. Aug. 13, 2008).

In support of his sufficiency claim, Petitioner summarily concludes that the appellate court applied incorrect legal standards to the facts before it and as a result, reached an improper conclusion that the evidence was sufficient to support his conviction. The legal arguments and factual dissertation set forth in Petitioner's Objections do not constitute clear and convincing evidence that the factual findings of the lower courts were flawed. For these reasons alone, Petitioner's sufficiency Objection must be overruled. *See England v. Stepanik*, 1996 U.S. Dist. LEXIS 8906, at *7 (E.D. Pa. June 24, 1996)("The role of the habeas court is not to retry the petitioner's state court trial. The habeas court serves the limited function of reviewing errors alleged to be of constitutional magnitude.").

However, as the government properly points out in their Response to Petitioner's Objections, Magistrate Judge Hey specifically found in her Report and Recommendation that regardless of the fact that Petitioner did not claim that he did not commit first degree murder or that the evidence presented to the trial court was insufficient to sustain his conviction for same, "[t]here was a clear factual basis for the first degree murder conviction." *Report and*

*Recommendation,* 15.  Based upon this court's *de novo* review of the record below, it concurs with Judge Hey's finding.

### D.     Weight of the Evidence

Lastly, with regard to Petitioner's "weight of the evidence claim," it is well established that a habeas petition is not the proper vehicle for bringing same.  *See Smith v. Vaughn*, 1997 U.S. Dist. LEXIS 8704, at *23 (E.D. Pa. June 17, 1997)(A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the "weight" of the evidence.).  *See also, Kelly v. Rozum,* 2009 U.S. Dist. LEXIS 92990, 29-30 (E.D. Pa. Feb. 17, 2009)(Noting that a claim alleging that the verdict is against the weight of the evidence is not cognizable on federal habeas)*.*

Accordingly, Petitioner's Objection regarding weight of the evidence, is hereby overruled.

**IV.	Conclusion**

For the reasons set forth hereinabove, this Court finds that Magistrate Judge Elizabeth Hey properly assessed and determined the issues presented by Petitioner in his Habeas Petition. Further, Plaintiff's Objections regarding issues not presented to the Magistrate via his original Petition, Traverse, Amended Traverse, or by request for leave of court, shall be overruled. Accordingly, this Court approves and adopts Judge Hey's Report and Recommendation and overrules all of Petitioner's Objections thereto.  An appropriate Order follows.

BY THE COURT:


/s/ C. Darnell Jones, II        J.